Edward T. Groh
Raymour & Flanigan
1314 U.S. Highway 22
Phillipsburg, NJ  08865
(908) 454-4953
*Attorney for Defendant Raymours Furniture Company, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRUCE VICKERY, JR., | : | CIVIL ACTION |
| *Plaintiff*, | : | NO. _____ |
| v. | : | **Removed Proceeding:** |
| RAYMOURS FURNITURE COMPANY, INC., d/b/a RAYMOUR & FLANIGAN, | : | **Superior Court of New Jersey, Gloucester County, Law Division, Docket No. GLO-L-000735-19** |
| *Defendant* | : | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, on this date, defendant Raymours Furniture Company, Inc., d/b/a Raymour & Flanigan ("Raymours"), has filed this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, in the office of the Clerk of the United States District Court for the District of New Jersey.  Removal is proper for the following reasons:

1. This employment discrimination action was commenced on or about June 13, 2019, in the Superior Court of New Jersey, Gloucester County, Law Division, Docket No. GLO-L-000735-19.

2. Raymours received a copy of the Complaint on June 17, 2019.  The Complaint was the first notice Raymours had that Plaintiff had filed a lawsuit against it.  A copy

of the Complaint (along with a Civil Case Information Statement) is attached hereto as Exhibit A.  No other pleadings or papers have been filed.

3.      Removal is timely under 28 U.S.C. § 1446(b), as this Notice is filed on June 17, 2019, which is within thirty (30) days after receipt by Raymours of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

4.      The time for Raymours to answer, move or otherwise plead has not yet expired.

## DIVERSITY OF CITIZENSHIP

5.      This action is one in which there is complete diversity between the Plaintiff and the only named Defendant.  As such, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

6.      According to his Complaint, Plaintiff resides in New Jersey.  Therefore, for purposes of 28 U.S.C. § 1332(c)(1), he is a citizen of New Jersey.

7.      Raymours is an entity organized and existing under the laws of the State of New York, and has its principal place of business in the State of New York at 7230 Morgan Road, Liverpool, NY 13088.  Therefore, for purposes of 28 U.S.C. § 1332(c)(1), Raymours is a citizen of New York.  Thus, complete diversity of citizenship exists in this action.

8.      The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.  As set forth in his Complaint, Plaintiff claims that he was subjected to disability discrimination, wrongful termination from his employment with Raymours, and retaliation.  He seeks economic damages, non-economic damages, punitive damages, and other damages.

9.      In assessing whether the jurisdictional amount has been met, a court should look to what damages a plaintiff could conceivably recover on his claims.  *Suber v.*

*Chrysler Corp.*, 104 F.3d 578, 584 (3d Cir. 1997).  In a case such as this one, in which the plaintiff alleges handicap discrimination and wrongful discharge in violation of the LAD, a successful plaintiff may recover (among other damages) front pay as well as back pay, which is measured from the date of discharge through the date of judgment and can include pay raises, lost fringe benefits, employer-paid contributions to a retirement program and unreimbursed medical expenses.  *See* N.J.S.A. § 10:5-17; *Weiss v. Parker Hannifan Corp.*, 747 F. Supp. 1118, 1132-34 (D.N.J. 1990); *Grasso v. W. N.Y. Bd. of Educ.*, 364 N.J. Super. 109, 121-23 (App. Div. 2003) (back pay award may be awarded for multiple years).

      10.     Given the gravity of Plaintiff's claims, an amount in excess of $75,000 is clearly in controversy here.

      11.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be given promptly to Plaintiff's counsel.  A copy of this Notice of Removal will also be filed promptly with the Clerk of the Superior Court of New Jersey, Gloucester County, Law Division.

      12.     By filing this Notice, Raymours does not waive any of its rights, and specifically reserves the right to assert any defense and/or objections to which it may be entitled, including but not limited to its right to compel arbitration of Plaintiff's claims in accordance with an employment arbitration agreement Plaintiff signed during his employment.

/s/Edward T. Groh
Edward T. Groh
Raymour & Flanigan
1314 U.S. Highway 22
Phillipsburg, NJ  08865
(908) 454-4953
*Attorney for Raymours Furniture Company, Inc.*

Dated:  June 17, 2019

# EXHIBIT A

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| BRUCE VICKERY, JR., | : | SUPERIOR COURT OF NEW JERSEY |
| | : | GLOUCESTER COUNTY - LAW DIV. |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| RAYMOURS FURNITURE COMPANY, | : | DOCKET NO: |
| INC D/B/A RAYMOUR AND FLANIGAN | : | |
| and JOHN DOES 1-5 AND 6-10, | : | |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Bruce Vickery, Jr., residing in Gibbstown, New Jersey, by way of Complaint against the defendants, says:

### Preliminary Statement

Plaintiff brings this suit under the New Jersey Law Against Discrimination ("LAD") alleging disability and perception of disability discrimination and wrongful termination.

### Identification of Parties

1. Plaintiff Bruce Vickery, Jr. is, at all relevant times herein, a resident of the State of New Jersey and a former employee of defendant Raymours Furniture Company, Inc d/b/a Raymour and Flanigan.

2. Defendant Raymours Furniture Company, Inc d/b/a Raymour and Flanigan ("Raymour and Flanigan") is, at all relevant times herein, a corporation doing business at 341 Swedesboro Avenue, Gibbstown, New Jersey.

1

3. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

4. Plaintiff began working for defendant in or around September 2017.

5. Defendant employed plaintiff as a machine operator.

6. At all times, plaintiff performed up to and beyond the legitimate expectations of his employer.

7. Plaintiff suffers from irritable bowel syndrome ("IBS").

8. Because of his medical condition, plaintiff was disabled within the meaning of the LAD.

9. In addition and/or in the alternative, plaintiff was perceived as disabled by defendant pursuant to the LAD.

10. Plaintiff informed his employer of his condition.

11. On or around June 18, 2018, plaintiff suffered a dental abscess.

12. Plaintiff underwent oral surgery on or around June 19, 2018.

13. Plaintiff's oral surgeon wrote plaintiff a note to keep him out of work for the next two to three days.

14. For each day the client missed in mid-June 2018 he called his supervisor Kevin Flask and informed him that he would need to miss work and why.

15. Plaintiff also hand delivered the note from his oral surgeon that required him to miss work to his supervisor Kevin Flask.

16. Plaintiff was prescribed antibiotics after his surgery.

2

17. These antibiotics effected the bacteria in plaintiff's stomach and exacerbated his issues with IBS.

18. In mid-July 2018, he went to the hospital because of severe stomach pain.

19. Plaintiff received a doctor's note writing him out of work from July 17, 2018 through July 21, 2018.

20. Plaintiff returned to work on July 22, 2018.

21. A member of upper management, Donte (last name presently unknown), spoke with the plaintiff that day.

22. Donte told plaintiff "Listen you gotta be here, I can't have you not at work."

23. Plaintiff explained that he understood but that he was out on doctor's orders from July 17 through July 21.

24. Donte then stated, "You gotta be here even if you have notes."

25. Donte then suspended plaintiff for three days for absenteeism.

26. On August 24, 2018, plaintiff began to suffer stomach issues near the end of his shift.

27. Plaintiff told a manager that because of issues with his IBS he needed to leave.

28. The next day, plaintiff's IBS was still bothering him.

29. Plaintiff texted his supervisor Kevin Flask and asked to stay home from work that day because of his condition.

30. Plaintiff thereby engaged in protected conduct under the LAD in that he made a request for an accommodation of his disability.

31. Plaintiff was next scheduled to work on August 28, 2018.

32. Before that date, plaintiff received a call from Donte.

3

33. Donte terminated plaintiff's employment.

34. Donte stated, "You have to be here we talked about your missing time and you are terminated."

35. A determinative and/or motivating factor in plaintiff's termination was his disability, defendant's perception that he was disabled and/or defendant's perception of or regarding plaintiff's disability.

36. Plaintiff is further a member of a protected class as an individual who advanced his LAD rights and/or made a request for an accommodation as provided under the LAD.

37. In addition and/or in the alternative, a determinative and/or motivating factor in plaintiff's termination was his request for an accommodation.

38. As a result of defendant's conduct, plaintiff has been made to suffer both economic and non-economic harm.

## COUNT I

### Disability Discrimination Under the LAD

39. Plaintiff hereby repeats and realleges paragraphs 1 through 38, as though fully set forth herein.

40. The conduct set forth above constitutes discrimination on the basis on plaintiff's disability for the reasons set forth above.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT II

### Perception of Disability Discrimination Under the LAD

41. Plaintiff hereby repeats and realleges paragraphs 1 through 40, as though fully set forth herein.

42. The conduct set forth above constitutes discrimination based on perception of disability for the reasons set forth above.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

### Failure to Accommodate

43. Plaintiff hereby repeats and realleges paragraphs 1 through 42, as though fully set forth herein.

44. As a result of his disability condition, plaintiff made a request to defendant that he receive a reasonable accommodation.

45. Despite receiving plaintiff's accommodation request, defendants failed to engage in any interactive process to establish whether or not the accommodation could be provided for the plaintiff and/or failed to provide any reasonable accommodation.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory

damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT IV

### Retaliation

46. Plaintiff hereby repeats and realleges paragraphs 1 through 45, as though fully set forth herein.

47. For the reasons set forth above, the conduct of defendant constitutes retaliation under the LAD and renders them liable to Plaintiff.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT V

### Request for Equitable Relief

48. Plaintiff hereby repeats and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff requests the following equitable remedies and relief in this matter.

50. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

51. Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

52. To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

53. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

54. Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

55. Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

56. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

                                         **COSTELLO & MAINS, LLC**

                                      **By:** **/s/ Kevin M. Costello**
Dated: June 13, 2019                              **Kevin M. Costello**

8

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

        **COSTELLO & MAINS, LLC**

        By: **/s/ Kevin M. Costello**
             **Kevin M. Costello**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

        **COSTELLO & MAINS, LLC**

        By: **/s/ Kevin M. Costello**
             **Kevin M. Costello**

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

        **COSTELLO & MAINS, LLC**

        By: **/s/ Kevin M. Costello**
           Kevin M. Costello

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby designated trial counsel.

        **COSTELLO & MAINS, LLC**

        By: **/s/ Kevin M. Costello**
           Kevin M. Costello

# Civil Case Information Statement

**Case Details: GLOUCESTER | Civil Part Docket# L-000735-19**

**Case Caption:** VICKERY, JR. BRUCE  VS RAYMOURS FURNITURE C OMPAN
**Case Initiation Date:** 06/13/2019
**Attorney Name:** KEVIN MICHAEL COSTELLO
**Firm Name:** COSTELLO & MAINS, LLC
**Address:** 18000 HORIZON WAY STE 800 MT LAUREL NJ 080544319
**Phone:**
**Name of Party:** PLAINTIFF : VICKERY, JR., BRUCE
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO    **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/13/2019
Dated

/s/ KEVIN MICHAEL COSTELLO
Signed